UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00798-RJC-SCR

| | |
|---|---|
| SIMONE WRENN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| | ) |
| MARSHA KENNEDY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Pro Se Amended Complaint. [Doc. 6]. Plaintiff is proceeding in forma pauperis. [Docs. 4, 5].

**I.      BACKGROUND**

Plaintiff Simone Wrenn ("Plaintiff") filed this *pro se* civil action on November 21, 2023, against Defendant Marsha Kennedy. [Doc. 1]. Plaintiff's Complaint failed initial review under 28 U.S.C. § 1915(e)(2). The Court found that Plaintiff failed to allege any proper basis for this Court's jurisdiction and that Plaintiff's allegations were too vague and nonsensical to state a claim upon which relief may be granted against the Defendant in any event. [Doc. 5]. The Court, however, allowed Plaintiff 30 days to amend her Complaint in accordance with the Court's Order to properly state a claim for relief. [Id. at 3]. Plaintiff timely filed an Amended Complaint, again naming Marsha Kennedy as the sole Defendant, which is now before the Court on initial review. [Doc. 6]. Plaintiff alleges as follows:

> It is my right I shouldn't have to pay for Ms. Kennedy mistake. I have freedom of speech. She took my medical records and made her own resolution and painted a narrative of me. Using slander and threats she labeled me basically tried to take my freedom, away from me She painted a narrative as if I was a retarded, Hoe with no money

> leaching off my mother. I've seen such roast in movies never
> through I would hear it to me using the system.

[Id. at 4].

Plaintiff claims that this Court has federal question jurisdiction because Defendant, who appears to be an attorney, has violated her constitutional rights, including "1st amendment; Defamation, Perjury, Racism." [Id. at 3; see id. at 4]. Plaintiff seeks $10,000,000.00 in relief. [Id. at 4].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff's Amended Complaint fairs no better on initial review. While Plaintiff alleges federal question jurisdiction, her allegations do not implicate a federal question. To the extent that Plaintiff seeks to assert a claim under 42 U.S.C. § 1983 against Defendant Kennedy, she has failed to allege that Defendant Kennedy was a state actor subject to liability under § 1983. See West v. Atkins, 487 U.S. 42, 48 (1988) ("To state a claim under 42 U.S.C. § 1983, a plaintiff must allege

2

the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law."). The Court, therefore, will dismiss Plaintiff's claim based on the violation of her constitutional rights. Moreover, Plaintiff's allegations are again too vague and nonsensical to state a claim upon which relief may be granted against the Defendant in any event.

Because Plaintiff failed to amend her Complaint in accordance with the Court's Order and has otherwise properly failed to state a claim for relief, the Court will dismiss this action with prejudice. See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

IV. **CONCLUSION**

For the reasons stated herein, the Court will dismiss Plaintiff's Amended Complaint with prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 6] is **DISMISSED with prejudice** in accordance with the terms of this Order for Plaintiff's failure to state a claim for relief.

The Clerk is respectfully instructed to terminate this action.

Signed: February 1, 2024

Robert J. Conrad, Jr.
United States District Judge